**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Civil Action No. 23-cv-257 (TSC) |

## OPINION & ORDER

Before the court are Defendant's Motion for Access to CIPA § 4 Filing and An Adjournment of the CIPA § 5 Deadline, ECF No. 62 ("CIPA Motion"), and Motion for Extension of Time to File Pretrial Motions, ECF No. 63 ("Extension Motion"). For the reasons set forth below, the court will GRANT in part and DENY in part both Motions.

### A.  CIPA Motion

The court turns first to the issues related to the Classified Information Procedures Act (CIPA), which governs the access to and use of classified information in criminal proceedings. In its CIPA Motion, the defense asks the court to:

> (1) order the Special Counsel's Office to file a redacted version of its CIPA § 4 motion and a public brief justifying its redactions; (2) refrain from addressing the CIPA § 4 motion until President Trump has an opportunity to file procedural objections on October 11, 2023 and make any appropriate *ex parte* submission regarding his defense theories; and (3) adjourn the deadline for CIPA § 5 notice until three weeks after the Office complies with its disclosure obligations as to the entire defense team.

CIPA Motion at 9. The court will grant the second request, but deny the first and third.

First, the court will not require the government to file a redacted brief of its CIPA § 4 submission. That submission is classified in its entirety, which justifies its sealing in full.[1] And the defense cites no authority for the proposition that the court should—or even could—order the government to declassify any portion of it. *Contra Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988) (The "authority to classify and control access to information bearing on national security . . . flows primarily from [the] constitutional investment of power in the President" in Article II, Section 2.); *New York Times v. Cent. Intel. Agency*, 965 F.3d 109, 123 (2d Cir. 2020) ("[T]he suggestion that courts can declassify information raises separation of powers concerns."); *United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006) ("Accordingly, the Court cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4."). The government's entire CIPA § 4 submission will therefore remain under seal.

Second, the court will nonetheless permit the defense to file objections to the *ex parte* nature of the government's CIPA § 4 motion. CIPA Motion at 2–3. The D.C. Circuit has emphasized that in this context, "since the government is seeking to withhold classified information from the defendant," adversarial litigation over that information "would defeat the

---

[1] Whether evaluated under the First Amendment's limited right of access to documents in criminal cases, *see Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1 (1986), or the presumption of public access discussed in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), classified documents by and large qualify for sealing. There is no historical tradition of access to them, and for good reason: The well-established risks to national security created by the disclosure of classified materials generally outweigh any interest in making them public. *See Dhiab v. Trump*, 852 F.3d 1087, 1096 (D.C. Cir. 2017) (concluding there is no "right under the First Amendment to receive properly classified security information filed in court" in a habeas proceeding); *id.* at 1098 ("The law of this circuit is that the need to 'guard against risks to national security interests' overcomes a common-law claim for access.") (quoting *Hubbard*, 650 F.2d at 315–16). That is the case here.

very purpose of the discovery rules." *United States v. Mejia*, 448 F.3d 436, 457 & n.21 (D.C. Cir. 2006). Still, the court will allow the defense an opportunity to explain why it believes that CIPA's statutory text and Circuit precedent do not govern this case. The court will require any brief articulating such objections to be filed by October 11, 2023. The government may file any response to those objections by October 18, 2023.

Third, the court will not adjourn the initial CIPA § 5 notice deadline. During the August 28, 2023 hearing in this case, the court set that deadline for thirty days after defense counsel Mr. Blanche received finalized clearance to review the classified discovery shared by the government. Protective Order Hr'g Tr., ECF No. 38 at 42–51. Mr. Blanche, along with two additional attorneys and a paralegal, received final clearance and access to those materials on September 26, 2023. *See* ECF No. 65 at 4–5. That results in a CIPA § 5 notice deadline of October 26, 2023. The court is not persuaded that an indefinite extension of that deadline, as the defense requests, is warranted. Thirty days is sufficient time for Mr. Blanche and his team to review the relatively limited classified discovery at issue here, which totals fewer than one thousand pages. *See id.* at 5. If, as the defense posits, the government is later required to produce additional classified discovery, *see* CIPA Motion at 8–9, the defense may file a supplemental CIPA § 5 notice with respect to any of those additional materials within twenty days of receiving access to them.

B. **Extension Motion**

In its Extension Motion, the defense asks for the pretrial motions deadline of October 9, 2023 to be extended sixty days to December 8, 2023. "At any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The court's discretion to do so is broad. *See* Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment; *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The defense contends that it needs

additional time "to finalize several of its expected motions, including, for example, motions to dismiss relating to executive immunity, failure to state a claim, and improper conduct by the Special Counsel during the grand jury process and in charging decisions, motions for 17(c) subpoenas, potential motions to compel discovery, *etc*." Extension Motion at 3. The court will not grant the full sixty-day extension sought but will adjust the pretrial schedule to grant the defense some additional time to file certain motions.

Lengthy deadline extensions for the defense's anticipated dispositive motions—like motions to dismiss—are not warranted. If the court were to extend the briefing schedule for these motions by the requested sixty days, they would not be fully briefed until January 2024. In other words, what the defense anticipates will be "numerous novel and complex legal issues . . . of first impression," *id.* at 1, would not be fully presented to the court until fewer than three months before the scheduled trial date of March 4, 2023—the same three months in which the parties may dispute motions in limine, voir dire questions, jury instructions, and other pretrial matters. *See* Pretrial Order, ECF No. 39. Backloading the pretrial schedule to that degree will not serve the interests of justice. Moreover, such dispositive motions will by their nature turn on legal issues—such as the sufficiency of the government's pleadings—that the defense has had months to anticipate, research, and brief. *See United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (quoting Moore's Federal Practice § 612.02). The defense confirmed at the August 28, 2023 hearing that it had already begun work on those motions. Protective Order Hr'g Tr., ECF No. 38 at 33–36, 51–52. In fact, the defense filed its Motion to Dismiss Indictment Based on Presidential Immunity on October 5, 2023, well ahead of the October 9 deadline. ECF No. 74. Consequently, the court will grant a two-week extension of the dispositive motions deadline.

The court will grant additional time for the filing of Rule 17(c) motions and motions to compel. Unlike the dispositive motions discussed above, these motions will deal primarily with evidentiary rather than legal issues. As such, some of these motions—and the defense's arguments in support of them—may arise from the defense's ongoing review of the discovery materials. The court has recognized that the discovery materials in this case are well-organized but significant, and additional time to review them may be useful to the defense as it considers motions related to the acquisition of evidence. Protective Order Hr'g Tr., ECF No. 38 at 17–18, 53. But, in the interests of justice, the court must weigh that utility against the disadvantages of backloading the pretrial schedule. Accordingly, the court will grant a one-month extension of the deadline to file Rule 17(c) motions and motions to compel.

## C. Conclusion

For the reasons stated above, Defendant's Motion for Access to CIPA § 4 Filing and An Adjournment of the CIPA § 5 Deadline, ECF No. 62, is hereby GRANTED in part and DENIED in part. The court will not require the government to publicly docket a partially redacted version of its CIPA § 4 submission. The defense may file a brief objecting to the *ex parte* nature of the government's CIPA § 4 submission by October 11, 2023, and the government may file a response to that brief by October 18, 2023. The deadline for the defense's CIPA § 5 notice remains October 26, 2023, but the defense may file supplemental notices with respect to any additional classified discovery it receives within twenty days of receiving access to it.

Likewise, Defendant's Motion for Extension of Time to File Pretrial Motions, ECF No. 63, is hereby GRANTED in part and DENIED in part. The court's Pretrial Order, ECF No. 39, is AMENDED as follows with respect to the pre-trial motions deadlines set forth in its second paragraph. Rule 17(c) motions and motions to compel shall be filed by November 9, 2023; any oppositions to those motions shall be filed by November 24, 2023; and any replies in support of

those motions shall be filed by December 1, 2023. If there are multiple such motions, then to the extent possible, the motions, oppositions, and replies shall be filed in omnibus. All other pretrial motions, including motions to dismiss and other dispositive motions (but excluding motions *in limine* and suppression motions as set forth in paragraph five of the Pretrial Order), shall be filed by October 23, 2023; any opposition shall be filed within fourteen days of the motion's filing; and any reply shall be filed within ten days of the opposition's filing.

Date: October 6, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge